OPINION
{¶ 1} Appellant Timothy Garn appeals the decision of the Richland County Court of Common Pleas that denied his petition for postconviction relief or to withdraw his guilty plea. The following facts give rise to this appeal.
 {¶ 2} On November 22, 1999, appellant, accompanied by his retained counsel, pled guilty to a bill of information for five counts of sexual battery. The charges were the result of appellant's sexual abuse of his step-daughter, Melissa Harrison. The abuse occurred when the victim was between the ages of nine and thirteen. Appellant admitted to Sergeant Jeff McBride and Detective Robert Mack of the Richland County Sheriff's Department that inappropriate sexual acts occurred between himself and the victim, that during bedtime stories "she fondled me a little bit and I fondled her a little bit and there was little wrestling around and I was aroused," that the victim had "come upon him" while he was masturbating in the car while in a store parking lot, and that he may have digitally penetrated the victim while showing her how to masturbate herself.
 {¶ 3} On January 3, 2000, the trial court sentenced appellant to consecutive sentences of one and one-half years on each count for a total of seven and one-half years. Appellant did not file a direct appeal. Subsequently, on January 25, 2002, appellant filed a petition for postconviction relief or to withdraw his guilty plea on the basis that his attorney provided him ineffective assistance of counsel. The trial court overruled appellant's petition for postconviction relief on May 21, 2002.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. The trial court erred in denying post-conviction relief in that the petition was timely filed; alternatively, the application of the time limits of R.C. 2953.21 et seq. Is unconstitutional in that it deprives the petitioner of constitutional remedies for violations of his right to the effective assistance of counsel and due process under theFifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution in that his plea was involuntary due to the ineffectiveness of counsel who did not properly investigate facts which would have provided a strong basis to file a motion to suppress and a motion to withdraw the petitioner's plea of guilty.
 {¶ 6} "II. The trial court erred in denying post-conviction relief when the petitioner presented evidence that the State was in possession of Brady material that was not disclosed to the defense and which undermined confidence in the proceedings.
 {¶ 7} "III. The trial court erred in denying petitioner's motion to withdraw his plea and sentence where the petitioner presented evidence that his plea was involuntary based on the failure of trial counsel to investigate facts supporting a motion to suppress, that the State did not provide Brady material, and that the juvenile complainant later recanted her account."
 I {¶ 8} In his First Assignment of Error, appellant sets forth a two-part argument. First, appellant maintains the trial court erred when it concluded he did not timely file his petition for postconviction relief within the time limits of R.C. 2953.21(A)(2). Second, appellant contends that if we determine the petition was not timely filed, the application of the time limits contained in R.C. 2953.21(A)(2) would be unconstitutional because he was deprived effective assistance of counsel and due process. We disagree with both arguments.
 {¶ 9} The record indicates appellant did not file a direct appeal in this matter. Therefore, under R.C. 2953.21(A)(2), appellant was required to file his petition "* * * no later than one hundred eighty days after the expiration of the time for filing the appeal." Appellant filed his petition for postconviction relief on January 25, 2002, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23. This statute provides, in pertinent part:
 {¶ 10} "* * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 11} "(1) Either of the following applies:
 {¶ 12} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 13} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 14} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 15} "* * *"
 {¶ 16} Pursuant to the above statute, appellant argues he should have been permitted to file a delayed petition because he was unavoidably prevented from the discovery of facts upon which he must rely in the petition. Specifically, appellant refers to the victim's diary. According to appellant, the victim's diary does not make any reference to sexual abuse by appellant. Thus, appellant concludes the diary is exculpatory for impeachment purposes. Appellant claims he has been unavoidably prevented from obtaining a copy of the victim's journal, which is currently in the possession of the Richland County Juvenile Court.[1]
Appellant further claims his counsel was made aware of the diary and its alleged contents in the latter part of 1999 through February 2000, but failed to obtain a copy of it. Thus, appellant contends he received ineffective assistance of counsel.
 {¶ 17} We agree with the trial court's conclusion that appellant cannot establish that he has been "unavoidably prevented" from discovering the diary or the alleged ineffectiveness of his trial counsel. There is no evidence establishing that the victim's diary was in the possession of the juvenile court prior to appellant's change of plea and sentencing. The affidavit of Donna Dunn merely states that she found the victim's diary in December 1999.
 {¶ 18} Appellant also cannot establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found him guilty of the charged offenses. In addition to his claim of ineffective assistance of counsel for failure to obtain a copy of the diary, appellant also claims counsel was ineffective because he should have filed a motion to suppress the statement he made to the deputies. However, even if we were to determine that appellant was "unavoidably prevented" from obtaining a copy of the victim's diary, appellant cannot establish, under the second prong of R.C. 2953.23, that but for the constitutional error, no reasonable fact finder would have found him guilty.
 {¶ 19} As the trial court concluded, it would have been unlikely that appellant's statement to the deputies would have been suppressed by the trial court. Prior to making his statement to the deputies, appellant received Miranda warnings and signed a written waiver indicating his intention to make a voluntary statement.
 {¶ 20} We will not address appellant's argument as to the constitutionality of the time limits contained R.C. 2953.21 as appellant failed to raise this argument at the trial court level. The Ninth District Court of Appeals recently addressed this same argument in the case of State v. Nelson, Summit App. No. 20808, 2002-Ohio-3745, wherein the court held that it would not address whether the time requirements for filing a timely petition for postconviction relief are unconstitutional as the defendant failed to raise the issue at the trial court level. Id. at 1.
 {¶ 21} Appellant's First Assignment of Error is overruled.
 II {¶ 22} Appellant maintains, in his Second Assignment of Error, the trial court erred when it denied his petition for postconviction relief on the basis that alleged Brady[2] material was not disclosed to the defense prior to appellant's plea of guilty. We disagree.
 {¶ 23} In Brady, the United States Supreme Court held that the "[s]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." To establish a violation, a defendant must prove that the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. Moore v.Illinois (1972), 408 U.S. 786, 794-795. Appellant claims the Brady
violation occurred when the state failed to disclose the victim's diary.
 {¶ 24} Appellant's petition fails to demonstrate that he is entitled to relief on this basis. Specifically, the affidavits of Donna Dunn and Allen Jerry Garn do not clearly and convincingly establish that the state had possession of the victim's diary prior to appellant's change of plea and sentencing. Donna Dunn's affidavit only indicates she found the victim's diary in December 1999. Allen Jerry Garn's affidavit indicates that he and Ms. Dunn advised appellant's counsel about the diary in February 2000. No specific evidence indicates when the state took possession of the victim's diary.
 {¶ 25} Accordingly, we conclude appellant failed to establish, by clear and convincing evidence, that a Brady violation occurred thereby entitling him to postconviction relief.
 {¶ 26} Appellant's Second Assignment of Error is overruled.
 III {¶ 27} Appellant claims, in his final assignment of error, the trial court erred when it denied his request to withdraw his guilty plea where he presented evidence that his plea was involuntary due to a Brady
violation, erroneous advice of counsel and the failure of counsel to investigate facts supporting a motion to suppress. Appellant also claims he should have been permitted to withdraw his guilty plea because the victim later recanted her allegations against him. We disagree.
 {¶ 28} Crim.R. 32.1 governs the withdrawal of guilty pleas and provides as follows:
 {¶ 29} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521, paragraph one of the syllabus. In order to find an abuse of discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable. Id. at 526-527.
 {¶ 30} We have already determined, in the previous assignments of error, that appellant failed to establish a Brady violation. We have also concluded that in all likelihood, a motion to suppress would not have been granted by the trial court as appellant received Miranda warnings prior to giving his statement to the deputies. As to appellant's claim that he received erroneous advice from counsel regarding the sentence to be imposed by the trial court, the record indicates appellant understood the maximum possible sentence, that no promises of a particular sentence had been made to him and that appellant knowingly and voluntarily entered his guilty pleas. Tr. Change of Plea Hrng., Nov. 22, 1999, at 17-22.
 {¶ 31} Appellant also claims he should have been permitted to withdraw his guilty plea because the victim recanted her allegations against him. The victim allegedly informed Lillie Garn, appellant's mother, and Michael Wilson that appellant never sexually abused her. As for affidavits used in support of a petition, a trial court "may exercise its discretion when assessing the credibility of the affidavits," and "may discount self-serving affidavits from the petitioner or his family members * * * or affidavits which rely on hearsay as not being credible."State v. Nelson (Sept. 21, 2000), Cuyahoga App. No. 77094, at 8-9, citingState v. Calhoun, 86 Ohio St.3d 279, paragraph one of the syllabus,1999-Ohio-102 and State v. Moore (1994), 99 Ohio App.3d 748, 754. We find these affidavits are self-serving and lack credibility. Had the victim recanted her allegations of sexual abuse, appellant should have attached the victim's affidavit indicating so. We conclude the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.
 {¶ 32} Appellant's Third Assignment of Error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J., Edwards, J., and Boggins, J., concur.
Topic: Denial of Post-Conviction Relief.
[1] The juvenile court has possession of the victim's diary as it allegedly contains statements concerning a bomb threat the victim made against Clear-Fork School.
[2] Brady v. Maryland (1963), 373 U.S. 83.